IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID ALLAN VAN VELZER, JR.,

        Petitioner,

   v.

IGNACIO DE LA HARRIS, (PHS), Medical
Director for the Sheridan FCI, A Real
Party In Interest; CHARLES A. DANIELS,
Warden of the Sheridan FCI, A Real
Party In Interest; CHARLES A. DANIELS,
CEO of the Sheridan FCI, A Real
Party In Interest; RAYMOND D. ANDREWS,
Warden of the Taft FCI, A Real Party
In Interest; WACKENHUT CORRECTIONS
CORPORATION, a foreign corporation
doing business in the State of
California; and THE GEO GROUP, INC.,
a foreign corporation, doing business
in the State of California,

        Respondents.

Civil No. 06-925-AS

ORDER

KING, Judge.

1 - ORDER -

Petitioner, a former inmate at FCI Sheridan, brings this habeas corpus petition pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Petition is DISMISSED.

## BACKGROUND

At the time he filed this action, Petitioner was incarcerated at FCI Sheridan. He has since been released to a half-way house in Houston, Texas.

Petitioner alleges 13 separate grounds for relief. Several claims relate to the alleged denial of medical or dental care, both at FCI Sheridan and at FCI Taft, where Petitioner was incarcerated before his transfer to Sheridan. Other claims pertain to work-related injuries Petitioner allegedly suffered, Petitioner's inability to obtain copies of his medical and dental records from the Bureau of Prisons ("BOP"), and money the BOP allegedly owes Petitioner for the completion of computer courses. Petitioner also alleges he was illegally detained in the Special Housing Unit on numerous occasions at both FCI Taft and FCI Sheridan.

Petitioner names as Respondents in this action the wardens of FCI Sheridan and FCI Taft, the Medical Director at FCI Sheridan, and two corporations. By way of remedy, Petitioner seeks money damages, an order requiring the BOP to pay future medical and dental expenses, and an order prohibiting the BOP from detaining Petitioner in the SHU in the future.

2 - ORDER -

## DISCUSSION

The only proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (quoting Demjanjuk v. Meese, 784 F.2d 1114, 1115 (D.C. Cir. 1986) (Bork, J., in chambers); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). "A 'custodian' is the person having a day-to-day control over the prisoner." Brittingham, 982 F.2d at 379. This person typically is the warden of the facility in which the petitioner is incarcerated. To the extent Petitioner names persons and corporations other than the FCI Sheridan Warden as respondents, those persons and entities are not properly included in a habeas corpus action.

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement." Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (quoting Preiser v. Rodriquez, 411 U.S. 475, 484 (1973)). "A civil rights action, in contrast, is the proper method of challenging 'conditions of . . . confinement.'" Badea, 931 F.2d at 574 (quoting Preiser, 411 U.S. at 498-99). Petitioner's claims all relate to the conditions of his confinement, not the legality or duration. Moreover, the relief sought by Petitioner, while available in a civil rights action brought pursuant to Bivens v. Six Unknown Federal Narcotics

3 - ORDER -

<u>Agents</u>, 403 U.S. 388 (1971), is not the type of relief provided in habeas corpus actions.

To the extent that Petitioner's habeas corpus petition may be construed as raising a claim under <u>Bivens</u>, this court may treat the petition as a <u>Bivens</u> complaint.  See <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251 (1971) (treating habeas petition as § 1983 complaint); <u>Tucker v. Carlson</u>, 925 F.2d 330 (9th Cir. 1991) (treating complaint as both a <u>Bivens</u> complaint and habeas corpus petition).  To do so, however, the court must receive the regular civil filing fee of $350.00, or must grant Petitioner *in forma pauperis* status.  If the court grants *in forma pauperis* status, the filing fee will be assessed against Petitioner's prison trust account.  <u>See</u> 28 U.S.C. § 1915.

Accordingly, the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 is DISMISSED.  The dismissal is without prejudice to Petitioner's right to restate his claims in a <u>Bivens</u> civil rights complaint.  Petitioner shall have 30 days from the date of this order to do so, and is advised that he must also submit either the balance of the $350.00 civil filing fee, or a second amended application to proceed *in forma pauperis*.

## <u>CONCLUSION</u>

For these reasons, the Petition for Writ of Habeas Corpus (#2) is DISMISSED.  The dismissal is WITHOUT PREJUDICE to

Petitioner's right to file a civil rights Complaint pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971). Petitioner is advised that if he files a civil rights complaint, he must either pay the $350.00 civil filing fee as required by 28 U.S.C. § 1914, or file a Second Amended Application to Proceed *in forma pauperis*.

Petitioner shall have 30 days from the date of this Order to file a civil rights complaint and either pay the filing fee or submit an application to proceed *in forma pauperis*. Petitioner is advised that failure to do so will result in the dismissal of this action.

IT IS FURTHER ORDERED that Petitioner's two requests for re-assignment of this action to a District Judge for trial (#3 and #9) are DENIED as premature.

IT IS FURTHER ORDERED that Petitioner's motion for appointment of counsel (#5) is DENIED.

Petitioner having paid the $5.00 filing fee for a habeas corpus action, IT IS FURTHER ORDERED that his two Amended Applications to Proceed *In Forma Pauperis* (#6 and #10) are DENIED.

IT IS SO ORDERED.

DATED this  5th  day of September, 2006.

                                              /s/ Garr M. King
                                                Garr M. King
                                         United States District Judge